CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

June 27, 2022

JULIA C. DUDLEY, CLERK
BY: s/ A. Beeson
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

LEON JOHNSON
   Plaintiff,

v.

Civil Action No. _____
7:22cv343

F. DUTY, JOHN DOE, B. MAZE,
J.R. MASSINGILL, J. SHEPHERD,
sued in their individual capacities,
J.R. ADAMS, C. STANLEY, E. SHIRS,
S. FULLER, R. WHITE and C. MAINS,
ASSISTANT ATTORNEY GENERAL
sued in their official capacities,
   Defendants.

## Introduction

This is a civil right action filed by <u>Leon Johnson</u>, a state prisoner, for damages and compensatory and punitive damage relife under 42 U.S.C. § 1983, alleging False Imprisonment, Discrimination Based On Gender, Due Process Clause in violation of the Fifth and Fourteenth Amendment to the Constitution and Retaliation, Religious in violation of the First Amendment to the Constitution and Assault, Sex Discrimination in violation of the Eighth Amendment to the Constitution. The plaintiff also alleges of the torts of assault, retaliation and false imprisonment was negligence.

## Jurisdiction

1. The Court has jurisdiction over the plaintiff's claims of violation of federal constitution rights under 42 U.S.C. § 1983.

Page 1

2. The Court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C.

## Parties

3. The plaintiff, Leon Johnson, is incarcerated at Red Onion State Prison ("Red Onion") during the events described in this complaint.

4. Defendants F. Duty, John Doe, B. Mage, J.F. Massingill and J. Shepherd are correction officers employed at Red Onion. They are sued in their individual capacities.

5. Defendant J.F. Adams is a correctional administrative hearing officer at Red Onion and is responsible for conducting disciplinary hearing for prisoners accused of breaking prison rules. He is sued in his individual capacity.

6. Defendants C. Stanley and E. Shieks is a correctional officer in charge of the administrative investigation unit at Red Onion. They is sued in their individual capacities.

7. Defendant S. Fuller is the Assistant Warden for security at Red Onion and is in charge of the supervision and discipline of all correctional staff at Red Onion. He is sued in his individual capacity.

8. Defendant F. White is the Warden of Red Onion and is responsible for reviewing all administrative appeals of disciplinary charges filed by Red Onion inmates. He is sued in his individual and official capacities.

9. Defendant C. Mains reviewing all administrative appeals of disciplinary charges filed by Red Onion inmates. He or She is sued in his or her individual capacity.

10. All the defendants have acted, and continue to act, under color of state law at all time relevant to this complaint.

## Facts

11. On June 22, 2021, the plaintiff was in B2-pod and was given

permission by Duty (in general population) to be out the cell to shower.

12. Approximately 4:30 p.m. defendant Duty mate with plaintiff's at the stairs and told her she have a "Phat ass".

13. Plaintiff responsed to defendant and told him that was unprofessional.

14. Defendant then left.

15. Plaintiff was told to go to the sergeant office.

16. Shortly after these event, defendant Duty returned to the plaintiff at the sergeant office, accompanied by defendants Doe and Massingill who were all present.

17. Plaintiff stated that she was sexual verbal harass and cooperating as ordered.

18. Defendant Massingill became very assaulted and argumentation.

19. After the sexual harassment and the threat, plaintiff asked to talk to Mental Health.

20. Plaintiff was denied.

Mental Health are there to enhance public and facility safety and treatment. Plaintiff had to be treated for mental illness in place on medication. PREA requires that facilities adopt a zero-tolerance approach to this form of abuse.

### False Imprisonment

21. Without warning, defendant Massingill said "Lock him up" defendants Duty and Doe took her to Restorative Housing Unit ("RHU").

22. During these events plaintiff did not resist or threaten the officials in any fashion or break any prison rules.

23. Defendant Shepherd has been placed on notice of the harassment conduct of defendants Duty and Massingill by a number of complaint verbal and grievance over many months and has failed to take disciplinary action against them or otherwise to control their behavior.

24. Plaintiff were aware of the confinement.

25. In no kind of way that plaintiff consent to that confinement or break any prison rules.

26. The confinement was not a privileged it was torture and punishment.

Plaintiff indicated her rights been infringed of her sexual orientation, indicated torture and inhuman within the punishment been disproportionate for which it is used for, plaintiff did not poses a risk to the safe, secure, and operation of the institution and was. False imprisonment was used as punishment.

### Denial of Due Process

27. During this event one of the defendants loss, missing or stolen plaintiff property.

28. Defendant Shepherd has been placed on notice of the harassment conduct and property been missing, lost or stolen.

29. In retaliation some of plaintiff property came up missing, lost or stolen.

30. Plaintiff was given three paper to sign for her property.

31. Plaintiff put everything she was missing on paper.

32. Plaintiff asked for her religious activity items.

33. Plaintiff was denied all property and religious activity items.

34. Plaintiff was not given a confiscation.

When inmates are afforded the opportunity to possess property plaintiff enjoy protected interest in that property that cannot be infringed without due process. Plaintiff should not be applicable to deprivations of property, no person shall be deprived of life, liberty or property without due process of law.

### Retaliation

35. In retaliation I was sexual harass even more and threatening

Page 4

by Massingill.

36. In retaliation I receive 3 false charges.
37. In retaliation I was false imprison.
38. In retaliation I had my property missing, lost or stolen.
39. In retaliation I was treated differently by the defendants.
40. Plaintiff have to wait all day to shower once a day while the other inmates can shower any time and how many time they want.
41. The prison rule or policy result in Plaintiff being treated differently don't show no common sense connection to a valid the goal or concern of the prison.

Plaintiff was placed in RHU as a retaliatory action for invoking plaintiff constitutional right to report a PREA grievance. Plaintiff have the right to be free from retaliation for exercising her first Amendment rights.

## ~~Religion~~

42. Plaintiff reported that her religion items was missing on paper.
43. Plaintiff asked for a reimbursement or replacement to the damage, loss, or theft of such property in the possession or under the control of a DOC employee.
44. Plaintiff communal and individual religious items comply with all DOC operating procedures.
45. Plaintiff did not result in no disciplinary action or confiscation of property.
46. Defendants regulation are a substantially burden towards the exercise of plaintiff religion.
47. Defendant White demonstrate that regulation compelling government interest.
48. Defendants Fuller and White allow other inmates to wear Kufi and have prayer rugs.
49. Plaintiff is still learning, following its rules, practicing

religious belief, familiar with the religion, participating in every religious ceremonies when possible and also act on it.

Plaintiff are entitled to the "free exercise and enjoyment" of religious profession and worship, without discrimination or preference. Plaintiff has been denied equal protection of the laws because she were not given an opportunity to practice her belief or to wear or use religious symbols.

### Sex Discrimination

50. Plaintiff is a transgender woman in don't get the same respect as male which is unconstitutional to treat plaintiff who are in the same situation differently.

51. Plaintiff is in a male prison and defendant Massingill forcing plaintiff to shower with male prisoner.

52. Plaintiff been disrespected on her looks from the outside and not by her sex.

The defenders discriminated between the group on the basis on gender, and not for a different, legitimate reason. The prison have a high violent tendencies with experiences of abuse. Prison system rule for transgender to take one shower a day and other whenever and how many times. Which fall under the gender-neutral.

### Due Process

53. On June 23, 2021, plaintiff was in B4-407 RHU and was served disciplinary charges for tampering with security material, devices, or equipment, being in an unauthorized area, and threatening bodily harm to any person verbal - by gesture - or action - or, based on the above - described events.

54. Plaintiff requested that the hearing officer Adams call Tommy Grasty as a witness who was plaintiff cellmate in GP and knew part of the incident and was part of the incident.

55. Plaintiff asked that defendants Duty, and Doe be called as witnesses.

56. Plaintiff was denied all witnesses.

57. On August 6, 2021, plaintiff received a disciplinary hearing before defendant Adams.

58. Defendant failed to call any of the witnesses requested by the plaintiff, stating "I am not going to call witnesses from general population to this hearing involving Restorative Housing Unit for a inmate and the staff reports gave a full picture of the incident."

59. Plaintiff received a written deposition signed by defendant stating, "Guilty as charged based on staff statements," and sentencing the plaintiff to 7$ fine, 10$ fine, and 25 days loss of electronics.

60. Plaintiff filed an administrative appeal with defendant White, pointing out the witnesses was not called, the charges was written because of a PREA report in retaliation, counselor did not help plaintiff because she illiterate, and the written disposition did not explain the full reason for the finding of guilt.

61. Defendant denied the plaintiff's appeal. No person shall be deprived of life, liberty, or property without due process of law. Defendant Massingill violated plaintiff constitutional rights by writing false disciplinary report in retaliation. Plaintiff were deprived of procedural due process at the disciplinary hearing. No appeal procedure is meaningful if the plaintiff is not made fully aware of the basis of the original decision.

## Other Addendum

62. Before the above event, on June 14 or 15, 2021, in B2-215 defendant Maze came to plaintiff cell.

63. Plaintiff was using the restroom.

64. Without warning, defendant came up to the door and just look at plaintiff and told her "Good job," and walked off.

65. Plaintiff said something to defendant Shepherd and nothing happen.

66. August 9, 2021, approximately 7:30 a.m. in B3-314 defendant Maze made a funny remark stating "Oo I'm so scare, I'm going to call Piehl on you" then stated "Good job you scare bitch go tell mama."

67. Plaintiff was denied a shower that same day.

68. August 15, 2021, defendant continued to harass and sexual verbal harass plaintiff.

69. Plaintiff said something about it to a higher up and defendants Shepherd, Fuller, and White seem not to care or take action.

70. Plaintiff is living with unjustified punishment.

71. August 18, 2021, approximately 9:08 a.m. in B3-314 defendant Maze sexual verbal harass plaintiff and watch plaintiff use the bathroom.

72. Plaintiff asked defendant what he looking at he stated "I'm looking at your sexy ass, Miller give me permission to look at you and be at your door, is you going to the shower or not."

73. Defendant stated "I'm going to rape you boy, you refuse your shower."

74. December 3, 2021, approximately 4:40 p.m. in B3-303 defendant sexual verbal harass another inmate name Sydney Bowman, house in B3-320.

75. Defendant stated "Stop snitching like a bitch and since you want to tell now you going to swing that dick like a helicopter or you will not get a shower or rec."

This show a pattern of unprofessional behavior of defendant misconduct. of harassment. The safe environment where offenders are free from sexual misconduct is not taking precariously. DOC has a zero tolerance policy, with no action taken. Staff are trained on prevention strategies, and sexual harassment in confinement only

when it comes to staff it's one eye open and one eye close, hear and don't hear means (see what you want to see and heard what you want to heard).

<u>Add</u>

76. December 15, 2021, approximately 4:30 p.m. defendant Massingill use excessive force on inmate Travion Williams house in B3-317 for no reason.

77. There was no need for force when T. Williams was doing what he suppose to do.

78. The amount of force used do not matter when the staff are wrong because there was no reasonable given the need to use force at all or go back into T. Williams cell.

79. There was no serious need for force, T. Williams was in handcuff and legcuff with all his property remove from cell and staff return back in his cell, need for force appeared to staff none.

80. Defendant was not looking at a little force needed as necessary, it was to beat T. Williams up and cover it up. This show a pattern of unprofessional behavior of defendant misconduct, threats and use of force. Cruel and unusual punishment is very important. It has been interpreted to prohibit excessive force and guards brutality. Guards do not have the right to beat inmate or harm inmates unless their action is considered "reasonable" given the situation. Excessive force is any physical contact by a guard that is meant to cause harm, rather then keep order.

## Exhaustion of Administrative Remedies

81. The plaintiff has exhausted her available administrative remedies with respect to all claims and all defendants.

## Notice of Claim

82. Plaintiff submitted a timely notice of claim to the Division of Risk Management of Virginia, pursuant to Code § 8.01-195.6 and there was no response, therefore plaintiff is now filing this Motion for Judgment.

83. Plaintiff has commenced this action after waiting "six months" but without "eighteen months" of the defendant's receipt of Notice of Claim that gave rise to this action, as required by Code § 8.01-195.7. Exclusive of the time taken to exhaust all required remedies via the inmate grievance process provided by Virginia Department of Corrections.

84. Plaintiff furnish the clerk the 42 U.S.C. 1983 to be copies and served to the defendants.

## Claims for Relief

85. The action of defendants Duty, Doe, Maze, Massingill and Shepherd retaliation and threatening the plaintiff without need or provocation, or failing to intervene to prevent the misuse of defendants behavior, that were done maliciously and sadistically that constituted false imprisonment, plaintiff are entitled to utilize available grievance procedures without threat of recrimination.

86. Failure of defendant Fuller to take disciplinary or other action to curb the known pattern of threats, lost of property, false imprisonment of plaintiff by defendants Duty, Doe, Maze, Massingill and Shepherd is deliberate indifference to plaintiff

safety, and contributed to proximately caused in the above-described violation of the Fourteenth Amendment.

87. Failure of defendant to provide the notice of the harassment conduct of defendants Duty, Maze, and Massingill by a number of complaints verbal and grievance over many months, but has failed to take disciplinary action against them or otherwise to control their behavior constitutes the tort of negligence under the law of Virginia.

88. Failure of defendant to supervision and discipline of all correctional staff misuse of behavior constitutes deliberate to plaintiff's serious mental health needs. Under color of state law requirement does not mean that the action has to have been legal under state law.

89. Defendants Stanley and Shirks failed in investigating the disciplinary charges and the incident of Red Onion staff.

90. Defendant Adams actions in refusing to call the witnesses requested by plaintiff, finding her guilty of tampering with security material, being in an unauthorized area, and threatening bodily harm, without evidence to support the charges, and proving an inadequate writing disposition of the charges.

91. Defendant White failed to be responsible for reviewing all administrative appeals of disciplinary charges that false imprison plaintiff.

92. Defendant Mains failed to be responsible for reviewing the conclusion on defendant White response.

## Eleventh Amendment of Sovereign Immunity Against Officials

93. Local governments and their agencies are not protected by the Eleventh Amendment even in damages suits.

## Relief Requested

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The harassment of the plaintiff by defendants Duty, Doe, Maze, and Massingill violated plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an threat and sex discrimination under state law.

2. Defendants Shepherd, Stanley, Shieks, and Fuller failure to take action to curb the harassment of prisoners violated plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an threat and sex discrimination under state law.

3. Defendants Adams action in conducting the plaintiff's disciplinary hearing, and White actions in sustaining it, and Mains upholding the conduct, violated plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

4. Defendants Duty, Maze, and Massingill, failure to conduct their behavior in retaliation, and plaintiff religion violated plaintiff's rights under the retaliation for speech and missing property of religion items of the First Amendment to the United States Constitution.

5. Defendants Fuller and White actions in failing to provide adequate mental health care for plaintiff violated and continue to violate, plaintiff's rights under the Eighth Amendment to the United States Constitution.

B. Issue an injunction ordering defendants Stanley, Shieks, Fuller, and White or their agents to:

1. Immediately arrange for the plaintiff's to be move to protective custody;

2. Immediately arrange plaintiff's need for physical mental

health or other follow-up treatment to be evaluated by a medical practitioner with expertise in the treatment and restoration and function of mental break down.

C. Issue an injunction ordering defendant White to:
1. Release plaintiff from Restorative Housing Unit (RHU) and place her in protective custody (PC), with restortion of all rights and privileges;
2. Expunge the disciplinary conviction described in this complaint from plaintiff's institutional record.

D. Award compensatory damage in the following amounts:
1. $100,000 jointly and severally against defendants Duty, Doe, Maze, Massingill, and Shepherd for the threats, retaliation, emotional injuries sustained as a result of the plaintiff's false imprisonment, missing property, depriving any person misconduct and sexual misconduct.
2. $10,000 jointly and severally against defendants Adams and Fuller for the punishment, including deprivation of liberty and amenity, emotional injury result from their denial of due process in connection with plaintiff's disciplinary proceeding.
3. $50,000 jointly and severally against defendants Stanley, Shirks, White and Mains for the punishment, including deprivation of liberty, upholding and for their denial of due process in plaintiff's disciplinary proceeding and investigation.

E. Award punitive damages in the following amounts:
1. $20,000 each against defendants Duty, Doe, Maze, Massingill and Shepherd;
2. $10,000 each against defendants Stanley, Shirks, Adams and Fuller;
3. $20,000 each against defendants White and Mains.

F. Grant such other relief as it may appeal that plaintiff is entitled.

G. Attorney fees and costs.

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

*[signature]*

Leon Johnson
#1192355
Red Onion State Prison
P.O. Box 970
Pound, Virginia 24279

Date: 12-26-2021, Sunday

Leon Johnson #1192355
Red Onion State Prison
P.O. Box 970
Pound, VA 24279

$1.⁶

VA DEPTARTMENT OF CORRECTIONS
HAS NEITHER CENSORED OR INSPECTED
ITEM THEREFORE THE DEPARTMENT DOES
NOT ASSUME ANY RESPONSIBILITY
FOR IT'S CONTENTS



US POSTAGE
ZIP 24279  $001.96
02 4W
0000366944 JAN 04 2022

RECEIVED
JAN 04 2022
MAILROOM
6

Clerk
United States District Court
for the Western District of Virginia
210 Franklin Road SW, Suite 540
Roanoke, VA 24011-2208