IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LEON JOHNSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:22-cv-00343 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| S. FULLER, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Leon Johnson, a Virginia inmate proceeding *pro se*, filed a 42 U.S.C. § 1983 complaint containing misjoined claims and defendants, and this court severed her complaint into five separate actions.[1] This case involves her claim that the two defendants—S. Fuller and R. White—failed to provide her adequate mental health treatment, in violation of the Eighth Amendment.

The matter is before the court for review pursuant to 28 U.S.C. § 1915A(a). Section 1915A(a) requires the court to conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying

---

[1] According to the complaint, Johnson is a transgender woman, and she refers to herself using feminine pronouns. The court does so also.

these standards to Johnson's complaint, the court concludes that it is subject to dismissal pursuant to § 1915A(b)(1).  Because it is possible that Johnson may be able to state a claim with additional factual matter, however, the court will dismiss her complaint without prejudice and will give Johnson an opportunity to file an amended complaint.

## I.  DISCUSSION

Johnson states, in summary fashion, that Fuller and White failed to provide her with adequate mental health care.  (Compl. at 12.)  Nowhere does the complaint identify what her mental health problems or diagnoses are.  Instead, it contains only two vague references.  First, she alleges that she had to be "treated for mental illness" and "place[d] on medication."  (*Id.* at 3.)  Second, in her request for injunctive relief, Johnson asks "to be evaluated by a medical practitioner with expertise in the treatment and restoration and function of mental break down."  (*Id.* at 12–13.)  She also does not specify what mental health services she believes she needed that she did not receive.

With regard to her claim against both defendants, Johnson fails to identify any specific action by them, any interaction with them over any request for mental health care, or that they were personally involved in denying mental health care to Johnson.  This alone requires dismissal of her claims, because liability under § 1983 is "personal, based upon each defendant's own constitutional violations."  *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted).  Thus, a § 1983 claim requires factual detail about each defendant's personal involvement.  *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).  Because Johnson has provided no factual detail as to what either defendant did

to deny her mental health treatment, Johnson fails to state a claim against them.

Moreover, Johnson has not set forth sufficient factual matter to allege the elements of her Eighth Amendment claim. "[A] prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). This includes serious mental health needs. *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018).

To show a violation of her Eighth Amendment rights, Johnson must show that (1) she has "serious medical need," which is a medical condition that has been "diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" and (2) the defendant "had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them." *Id.* at 356–57; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (explaining that the requirement that a particular medical need be "serious" stems from the fact that "society does not expect that prisoners will have unqualified access to health care"). The first component is an objective inquiry, and the second is subjective. *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–10 (4th Cir. 2017).

To establish the subjective element, Johnson must present facts to demonstrate that the defendant had actual knowledge of an objectively serious medical need and disregarded that need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). To qualify as deliberate indifference, the defendant's conduct must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer*, 511 U.S. at 837.

The complaint does not allege facts to support these elements. Johnson makes the

3

conclusory statement that defendants Fuller and White denied mental health care. In a separate place, she says she requested to talk to "mental health personnel about the harassment," but was denied that opportunity, although she does not indicate that either defendant was present when she made that request. (Compl. 3.)

Johnson also fails to state facts sufficient to show that she had a condition that was so obvious that a layperson would have known of the need for medical attention. Indeed, she does not identify her mental health concern, except to provide vague clues that she had to be treated and medicated for "mental illness." (Compl. 3.) Nor does she describe any symptoms of her mental health problem, let alone that Fuller or White was aware of them.[2]

For all of these reasons, she has not stated a valid Eighth Amendment claim against either defendant.

## II. CONCLUSION

Because of its lack of detailed allegations as to how Fuller and White were involved in the denial of her health care, Johnson's complaint fails to state a constitutional deprivation actionable under § 1983. Thus, it will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted. The court will dismiss Johnson's complaint without prejudice, however, and will allow Johnson thirty days to file an amended

---

[2] Johnson's complaint contains one other reference to her serious mental health needs, suggesting that a failure by "a defendant" to discipline correctional staff for their misbehavior and harassment constituted deliberate indifference to her mental health needs. (Compl. 11.) Her claims of harassment based on her sex, gender, or transgender status are not part of this lawsuit. Instead, her claim that the harassment, in conjunction with other conditions of her confinement, violate the Eighth Amendment is part of *Johnson v. Maze*, No. 7:22-cv-343.

complaint, if she believes she can cure the deficiencies identified by the court. An appropriate order will be entered.

      Entered: July 21, 2022.

                                          /s/ Elizabeth K. Dillon
                                          Elizabeth K. Dillon
                                          United States District Judge